# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON JEROME EDWARDS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-10-824-HE |
| ) | |
| H.A. LEDEZMA, Warden, ) | |
| ) | |
| Respondent.[1] ) | |

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner currently in custody at the Federal Correctional Institution in El Reno, Oklahoma, and appearing pro se, has filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. United States District Judge Joe Heaton has referred the matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4 of the Rules Governing Section 2254 Cases, the petition has been promptly examined, and for the reasons set forth herein, it is recommended that the petition be dismissed upon filing.[2]

---

[1] Petitioner did not list a Respondent, but since he is incarcerated in the Federal Correctional Institution, El Reno, H.A. Ledezma, the Warden there has been substituted as the Respondent.

[2] Rule 4 may be applied in the Court's discretion to actions brought pursuant to Section 2241. See Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

By this action, Petitioner attempts to challenge his sentence from the United States District Court for the Western District of Texas. Petition [Doc. No. 4], 1-3.[3] A search of Petitioner's name in the online filings shows that Petitioner was convicted in the United States District Court for the Western District of Texas, following a guilty plea to one count of distribution of five grams or more of cocaine base "crack" in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). Case No. 06-CR-061-RAJ, United States District Court for the Western District of Texas, Docket. A second count was dismissed on a motion by the Government. Case No. 06-CR-061-RAJ, United States District Court for the Western District of Texas, Docket. On August 15, 2006, the district court imposed a sentence of 100 months of imprisonment with ten years of supervised release and a $100.00 special assessment. Case No. 06-CR-061-RAJ, United States District Court for the Western District of Texas, Docket. Nothing shows that Petitioner ever attempted to withdraw his guilty plea or file a motion under 28 U.S.C. § 2255. However, Petitioner did file a motion for retroactive application of sentencing guidelines to crack cocaine offense, and on March 26, 2008, the trial court reduced his sentence to 83 months of imprisonment. Case No. 06-CV-061-RAJ, United States District Court for the Western District of Texas, Docket. As of the time of this Report and Recommendation, Petitioner has another motion pending before the trial court in which

---

[3]Petitioner filed two petitions in this case. In the first petition, he raised one issue. Petition [Doc. No. 1], 1-2. In the second petition, he raised an additional issue. Petition [Doc. No. 4], 1-3. Since the undersigned determines that a dismissal on filing is proper regarding either petition and the second petition is more detailed, the undersigned cites only to that petition. Additionally, since the petition does not contain page numbers, the undersigned has inferred them.

he contends he should have only been given three points for prior criminal history rather than six points, and he asks the Court to resentence him. Case No. 06-CV-061-RAJ, United States District Court for the Western District of Texas, Docket. A review of the Fifth Circuit Court of Appeals' online docket does not show that Petitioner has filed anything regarding Case No. 06-CV-061-RAJ with that court.

Petitioner raises two grounds for relief in his habeas petition. In Ground One, he claims that he "was sentenced under the wrong criminal history category" when the trial court gave him six points for two previous convictions. Petition, 1-2. Petitioner argues that the trial court should have given him three points for his two previous convictions because another district judge with that Court ruled that his two previous convictions were part of a common scheme and should be consolidated. Petition, 1. In Ground Two, Petitioner alleges that his due process rights were violated when the trial judge refused to recuse himself. Petition, 2-3. Petitioner argues that the trial judge was required to recuse pursuant to 28 U.S.C. § 455 because the trial judge had presided over his prior case. Petition, 2-3.

Although Petitioner filed this action as a § 2241 petition for a writ of habeas corpus, the Court must determine whether Petitioner's action arises under § 2241 or § 2255. A § 2255 motion attacks the legality of a conviction or sentence and must be filed in the district that imposed the sentence, while a § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the petitioner is confined. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); see also McIntosh v. United States Parole Commission, 115 F.3d 809, 811 (10th Cir. 1997) (stating that proceedings under 28 U.S.C. §§ 2254 and

2255 "are used to collaterally attack the validity of a conviction and sentence"). A petition under § 2241 "is not an additional, alternative, or supplemental remedy" to a § 2255 proceeding. Bradshaw, 86 F.3d at 166 (citations omitted).

Petitioner argues that he was improperly sentenced and that he was denied his due process rights when the trial judge refused to recuse himself and asks the Court to resentence him "in the correct sentencing category" and vacate his "sentence and all proceedings" that the trial judge presided over. Petition, 2-3. Thus, it is clear that Petitioner has raised claims that directly challenge the validity of his conviction and sentence–claims that fall squarely within the purview of § 2255.

Petitioner can raise his claims in a § 2241 petition only if he satisfies the requirements of the so-called "savings clause" in § 2255. That clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

28 U.S.C. § 2255(e) (emphasis added). This exception is an extremely narrow one. Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999). For example, relief may be sought when the original sentencing court is abolished, when the sentencing court refuses to consider the § 2255 petition altogether, when the court inordinately delays consideration of the petition, or when no one court could grant complete relief. Caravalho, 177 F.3d at 1178.

4

It is Petitioner's burden to show that the § 2255 remedy is inadequate or ineffective. See Rich v. Peterson, No. 05-6171, 158 Fed. Appx. 160, 162 (10th Cir. Dec. 13, 2005).[4]

Petitioner alleges that his petition is appropriate under § 2241 because the one year limitation period has run, thus barring review by the sentencing court and making § 2255 inadequate and ineffective. Petition, 1. However, the fact that Petitioner's claims may be barred from review by the one-year limitation period of § 2255 "does not establish that the remedy in § 2255 is inadequate or ineffective to test the legality of his detention." United States v. O'Bryant, No. 98-1197, 1998 WL 704673, at *2 (10th Cir. Oct. 2, 1998) (internal quotation marks omitted).

Thus, the undersigned finds that Petitioner has failed to show that his claims fall within the limited circumstances in which the § 2255 remedy would be found inadequate or ineffective. Therefore, the undersigned recommends that the § 2241 petition be dismissed because it plainly appears from the face of the petition that Petitioner is not entitled to habeas relief pursuant to § 2241 as alleged. Purvis v. Wiley, No. 06-1117, 214 Fed. Appx. 774, 776-78 (10th Cir. Jan. 26, 2007); Kokoski v. Callahan, Nos. 05-6377, 06-6045, 196 Fed. Appx. 641, 643-44 (10th Cir. Aug. 22, 2006); Gibson v. Fleming, No. 01-6198, 28 Fed. Appx. 911, 913 (10th Cir. Dec. 11, 2001). Moreover, this Court lacks jurisdiction to consider a challenge to Petitioner's conviction and sentence pursuant to 28 U.S.C. § 2255, and the Western District of Texas is the proper forum for that claim. See 28 U.S.C. § 2255; Haugh

---

[4]This and any other unpublished dispositions are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

v. Booker, 210 F.3d 1147, 1150 (10th Cir. 2000) ("Because a section 2255 motion must be brought in the district in which the defendant was sentenced, the district court here lacked jurisdiction."). Accordingly, it is recommended that the petition be dismissed without prejudice.

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that the petition for a writ of habeas corpus be dismissed without prejudice. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by September 29, 2010, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter. The Clerk of the Court is instructed to send a copy of this Report and Recommendation to the United States Attorney of the Western District of Oklahoma on behalf of the Respondent.

**ENTERED this 9th day of September, 2010.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE